**SO ORDERED.**

**SIGNED October 22, 2009.**



_____
HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE
_____

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

IN RE:                                                                        CASE NO: 08-81132
    LaTONNIA G. DOWNS

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter comes before the Court on the Motion to Compel Payment of Administrative Expenses filed by debtor's attorney after the case was dismissed prior to confirmation of a plan. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A)and (B). Jurisdiction is proper per 28 U.S.C.§1334 and by reference from the district court. No party has moved to withdraw the reference the district court has not done so on its own motion. Pursuant to these reasons, the objection by the Standing Chapter 13 Trustee is sustained and the motion is denied.

#### Factual History

Debtors Albert M. Downs, Jr. and LaTonnia G. Downs filed a voluntary petition under Chapter 13 on September 29, 2008, Case No. 08-81132. A plan was filed on October 1, 2008, together with an "Addendum" requesting compensation in the total amount of $2,500.00 (this being the amount generally allowed as a "no-look" fee for the representation of debtors in a Chapter 13 case in the Alexandria Division at the time the plan was filed).

The original plan provided for payments to four secured creditors, with amounts ranging from $15.00 to $145.00 a month as "adequate protection" to be paid creditors concurrently with attorney

fees, including Nissan Motor Acceptance. A number of amended plans were filed, but no plan was ever confirmed, due to repeated objections by the Chapter 13 Trustee that the debtors were "not current" in making their payments. On March 16, 2009, debtors' counsel filed a Motion to Sever the case, requesting that Latonnia G. Downs be permitted to continue as the debtor in the original case, but that a new case number be assigned to Albert. An order was entered severing the case on March 18, 2009, and Albert's case was assigned Docket No. 09-80327.

On April 9, 2009, debtor's attorney filed a Fourth Amended Plan (Doc. #36), to which the Chapter 13 Trustee again objected on the basis that debtor LaTonnia Downs had not made the payment due for April, 2009. On May 21, 2009, anticipating that a motion to withdraw as counsel was forthcoming, the Court allowed the debtor 15 days to obtain new counsel, file an amended plan and pay pursuant to the amendment, and if the debtor failed to comply, the Chapter 13 Trustee could file a motion to dismiss on an ex parte basis, without a further hearing. (Doc. #41.)

On June 5, 2009, debtor's counsel filed a motion to withdraw as counsel for debtor, and an order allowing withdrawal was entered on June 8, 2009 (Docs. #46-47.) Also on June 5, 2009, debtor's attorney filed an Application for Interim Compensation in the amount of $2,287.50, and an Order was entered on July 2, 2009, approving the payment of that amount as administrative expense, "to be paid by the Chapter 13 Trustee from assets of the estate to the extent possible." (Doc. #49) On July 7, 2009, the Standing Chapter 13 Trustee filed a motion to dismiss the case for failure to comply with the Order dated May 21, 2009, and the case was dismissed on July 13, 2009. (Docs. #52-53.)

The present motion to compel was filed on August 27, 2009, alleging that the Trustee made the following disbursements after the dismissal of the case:

| | |
|---|---|
| L. Laramie Henry [Debtor's former counsel] | $1,398.17 |
| Jon Thornburg [Standing Chapter 13 Trustee] | $156.83 |
| Nissan Motor Acceptance | $290.00 |

The Motion asserts that the disbursement to Nissan was improper; that the funds should be returned and the trustee compelled to recoup same and disburse them to counsel pursuant to the July 2, 2009 Order. (Doc. #55.) Counsel's memorandum in support of the motion as well as the response of the Chapter 13 Trustee focus on this Court's Standing Order Pursuant to 11 U.S.C. §1326(a)(1) and (4)

2

for All Cases Filed on or after October 17, 2005. Counsel's memorandum interprets this standing order as authorizing adequate protection payments only if there are funds that would otherwise be refunded to the debtor. The Chapter 13 Trustee interprets the order to require payment in the exact manner in which the disbursements were made in this case, noting that the original plan and every subsequent plan provided for adequate protection payments to Nissan.

The Standing Order Pursuant to 11 U.S.C. §1326(a)(1) and (4) for All Cases Filed on or after October 17, 2005, in pertinent part, reads as follows:

> ...[I]f a chapter 13 case is dismissed prior to confirmation, and if the trustee has not disbursed adequate protection payments to any Lessor and/or Secured Creditor entitled thereto, funds held by the Trustee pursuant to 11 U.S.C. §1326(a)(1)(B) and (C) shall be paid to such Secured Creditors prior to refunding any money to the Debtor as required by 11 U.S.C. §1326(a)(2)."

Counsel for debtor's reliance on the order is misplaced. Changes to §1326(a)(1)( C) made effective with the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act in 2005, directed debtors to make adequate protection payments directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order of relief," effectively reducing the payments made to the trustee pursuant to the plan, *"unless the court orders otherwise."* 28 U.S.C. §1326(a)(1). Put differently, the Chapter 13 debtor is required to make payments "under the plan" to the trustee; but is directed (unless otherwise ordered) to make adequate protection payments direct to the creditors. The problem with the direct payments, however, is that the trustee's ability to track and account for payments made directly to creditors by Chapter 13 debtors is compromised, unless, as is the case here, the court otherwise mandates that the pre-confirmation adequate protection payments be made through the trustee. Thus, at the end of the day, so to speak, the trustee here properly disbursed the funds to Nissan in the same amounts as if the same had been paid direct by the debtors, absent the Standing Order directive to do "otherwise," and then applied the balance to administrative expenses. Moreover, the original plan provided for adequate protection payments to Nissan "concurrently with attorney fees." Thus, the Motion to Compel payment that contradicts the Standing Order and the provisions in the proposed

3

plans must be denied. A separate and conforming order shall enter.

# # #

4